## AFFIDAVIT OF HUGH COUGHLIN

I, Hugh Coughlin, having been duly sworn, depose and state:

1. I am a Special Agent with the Library of Congress ("LOC"), Office of the Inspector General ("OIG"), and have been since July 2008 and duly appointed according to law and acting as such. Prior to my employment with LOC/OIG, I was a Special Agent with the Office of the Inspector General for the Government Printing Office since 2002 with prior service as an agent at the National Archives and Records Administration OIG. During my thirteen years of experience as a Special Agent, I have conducted numerous investigations into crimes involving computers. I have received training in the following subject areas: Basic Criminal Investigator Training, Interview and Interrogation, Electronic Evidence Recognition and Collection Training, and attended Regional Computer Forensic Symposiums. I have made numerous arrests, been the affiant on and conducted numerous search warrants, issued subpoenas, and interviewed numerous victims, witnesses, and suspects. For the purpose of application for the search warrant, I am a federal law enforcement officer under applicable provisions of the United States Code and under Rule 41(a) of the Federal Rules of Criminal Procedure. Federal Rule of Criminal Procedure 41(a)(2)(C) provides as follows:

> (C) "Federal law enforcement officer" means a government agent (other than an attorney for the government) who is engaged in enforcing the criminal laws and is within any category of officers authorized by the Attorney General to request a search warrant.

I make this Affidavit in support of the issuance of a criminal complaint charging Kenneth Edward Kuban with a violation of 18 U.S.C. § 2262(a)(1).

2. The following information is known to me personally or was reported to me by other LOC OIG agents and law enforcement officers. This affidavit is intended to show merely that there

1

is sufficient probable cause for the requested complaint and does not set forth all of my knowledge about this matter.

3. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that Kenneth Edward Kuban of 93 Oak Ridge Lane, Reva, VA 22735, has violated 18 USC § 2262(a)(1) in that Kuban was within the territorial jurisdiction of the United States with the intent to violate a protection order that prohibits contact with L.M.. 18 U.S.C. § 2265A(b)(5) defines "protection order" as any "order issued by a civil or criminal court for the purpose of preventing... contact... with another person..."

4. In January of 2013, the LOC/OIG was contacted by L.M., complainant, stating that she is being stalked and harassed by LOC Culpeper employee Kenneth Edward Kuban. L.M. reported the following to LOC/OIG: L.M. and Mr. Kuban had an intimate relationship that started in August 2010 and ended sometime in February, 2011. After the end of the relationship, Mr. Kuban began to harass L.M. and she worked with the Commonwealth's Attorney for Fauquier County to bring stalking charge against Mr. Kuban in July of 2011. On July 28, 2011, the General District Court in and for Fauquier County, Virginia, issued an arrest warrant on a criminal complaint for Mr. Kuban. Subsequently, Mr. Kuban was arrested. The stalking charge was ultimately converted to a Recognizance and Bond to Keep the Peace, which prohibited contact with L.M. L.M. has informed agents that she subsequently had to have her telephone number changed and have it unlisted after receiving five to six unwanted telephone calls per day from Mr. Kuban over the span of several months. L.M. has also had to change her personal email address to avoid harassing emails from Mr. Kuban.

*[handwritten: May 3:13mj00014]*

5.  Because of the continued issues with Kuban, the Commonwealth's Attorney's office initiated show cause proceedings against Kuban in the General District Court in and for Fauquier County, Virginia on December 26, 2012. The court found that good cause had been shown that Kuban should be required to sign a new Recognizance and Bond to Keep the Peace, which prohibits direct and indirect contact of L.M. until December 26, 2013. A copy of the Recognizance and Peace Bond is attached hereto as Exhibit 1. The Recognizance and Peach Bond is a protection order as defined by 18 U.S.C. § 2265A(b)(5). *See* Va. Code § 15.2-1746; Va. Code § 19.2-19.

6.  L.M. informed agents that she believed that Mr. Kuban had called Verizon and advised them that L.M. was dead. This caused Verizon to shut off L.M.'s internet, phone and television services and it took over a month to have those home services restored. Mr. Kuban knows that L.M. plays a weekly game of Scrabble at her local library one evening every week, and Mr. Kuban allegedly called the library when L.M. was playing to report that "her barn was on fire," which caused distress to L.M. who then needed to rush home to find out that her property was secure.

7.  Mr. Kuban also resorted to other methods of contacting L.M., using proxies and indirect contact, including the use of Craigslist advertisements.

8.  Craigslist is a free online classifieds portal that allows users to post items for sale and place personal advertisements. Craigslist serves as a portal where people can create an account at no cost and post advertisements to the portal. Craigslist provides the user anonymity by routing all email through its service without forcing the user to disclose his or her email address to those viewing the advertisements. Craigslist does not systematically verify that its account-holders are who they purport to be.

9. As part of the harassment/stalking, L.M. alleges that Mr. Kuban has posted multiple advertisements on Craigslist using Comcast email account(s) during weekday business hours while Kuban is at work giving out her home address as a location to solicit sexual encounters or to buy pornographic videos. Agents from the LOC/OIG submitted a search warrant on Craigslist which, revealed that someone posted on Craigslist from the Comcast Internet Protocol addresses ("IP address") 140.147.202.62 which is an IP address of the LOC's facility in Culpeper, Virginia, as well as 98.249.45.47 which belonged to Kenneth Kuban at 93 Oak Ridge Lane, Reva, VA 22735. In carrying out this scheme, it appears that Mr. Kuban uses a variety of email addresses, including Kuban02@comcast.net. This conduct has led to random men, often traveling from other States, to appear at L.M.'s property, looking to have sexual relations with her.

10. In response to L.M.'s complaints, Agents from the LOC OIG responded to one of these Craigslist postings on or about January 31, 2013, listed under the "casual encounters" section, under the heading, "older lady looking for a male – mw4m (man and woman for man) 65 (marshall va)." The posting referenced an older lady looking for a hung male to "satisfy my needs." Agents received a response from, "Sara Jenkins (jenkinssara104@yahoo.com) which included a picture of L.M. After a few exchanges agents received a response from our inquiry, "I am just getting done for the day. Can we meet up today?" To which, "Sara Jenkins" responded saying:

> Sure can here's my address
> 3944 rectortown rd
> Marshall va
> Gate code
> Just a side note my gate has been giving fits you may have to park and
> walk up my lane, sorry
> Love
> Lori

4

11. The address provided is the address of the victim L.M. The header information for the email showed that it was received from IP address 140.147.236.195, which is a Library of Congress IP address. The picture of L.M. that was provided in the email exchange was hash tagged using forensic tools and is an exact hash match, or digital fingerprint match, to an image found on Kuban's LOC computer. A "hash tag" is an alpha-numeric code that identifies a specific photo. Every photo has its own "hash value." If one pixel of the photo is altered then so is the "hash value." Additionally the header information from the response email believed to be sent by Kuban passed through the Library of Congress firewall (based on the IP address), and was consistent with data recovered and analyzed from the internet history found on Kuban's government computer.

12. LOC/OIG obtained a forensic copy of Mr. Kuban's LOC computer to analyze Mr. Kuban's internet browsing history and LOC email activity. The LOC has a banner on Mr. Kuban's LOC computer that, upon logging in, informs him that:

> This computer system is the property of the Library of Congress and may be accessed only by authorized users. Users may access and use the Library's computer system only for official business and in accordance with Library regulations. Any usage of the Library's computer system is subject to monitoring by the Library and inappropriate usage may subject the user to loss or limitation of the user's computer privileges, adverse administrative action, and criminal prosecution. By accessing and using the Library's computer system, users are consenting to monitoring of their activities and communication on the system.

13. Using standard electronic forensic tools, a search was conducted, which revealed that Mr. Kuban is using his LOC computer to routinely access Craigslist to search the various sections of Craigslist for all postings from Marshall, Virginia, where L.M. resides. On or about February 5, 2013, LOC agents obtained information from Craigslist in response to an executed search warrant.

The Craigslist search warrant materials revealed that someone responded to and posted Craigslist advertisements using the Comcast Email address Kuban02@comcast.net at the LOC. Kuban02@comcast.net is Mr. Kuban's personal email address.

14.     LOC/OIG agents located another suspect Craigslist advertisement posted at 9:19am on March 12, 2013, while Kuban was at the LOC facility in Culpeper, Virginia, in the "Washington, DC > northern Virginia > casual encounters" section which stated the following:

> **Senior lady – w4m** (woman for man) – 66 (marshall , va)
> I'm a senior lady who is looking for some fun
> And adventure in my life!!
> Would like to meet a gentleman in his 50"s that is
> Hung and that can give me some pleasuring.
> Please reply with a picture and i'll reply back
> Asap
> FOR REAL PERSON

15.     LOC Agents responded to the March 12, 2013, Craigslist advertisement and received multiple replies to three different undercover email accounts from the "anonymized" craigslist email address "cddm4-3675869626@pers.craigslist.org". Craigslist creates these "anonymized" email addresses, which consist of five characters with a dash followed by a series of approximately ten numbers which are considered the "Posting ID number", to allow Craigslist to track postings on their website. The responses to two of the undercover emails directed LOC Agents to 3944 Rectortown rd, Marshall, Virginia, which is the address of L.M. The responses to all three undercover emails also included a photo of L.M..

16. During extended conversations between Kuban, posing as LM, and undercover agents on March 12, 2013, undercover agents stated they had arrived at the gate of L.M.'s home, Kuban responded:

> "YES THAT'S MY HOME !! oh shit I forgot to unlock the gate !!!
> just park by my mail box and walk up my lane i'll meet at the front door
> darling Love Lori."

L.M. has installed cameras and security gates at the entrance to her farm as a result of the constant flow of people showing up at her address as result of responding to the Craigslist advertisements such as the March 12, advertisement above. Additionally, LM has multiple signs posted on her fence and gates indicating that people who are there in response to ads on Craigslist were un-invited and are trespassing.

17. A forensic image of the documents and settings folder from Kuban's LOC computer was taken on March 12, 2013, by IT security specialists of the LOC. This forensic image was provided to LOC OIG agents who further processed the image using Access Data's Forensic Toolkit, a standard forensic analysis tool. The forensic image in question was then fully indexed to allow additional analysis. Using the undercover email sender names as a keywords, agents were able locate fragments of the email traffic that occurred in response to the March 12, 2013 Craigslist advertisement described above. The recovered email response fragments were sent to agents from Kuban's LOC computer. Each of the three undercover user names was found in the internet history of Kuban's LOC computer. Each response indicated it was from a reply to a Craigslist advertisement.

18. The foregoing has caused L.M. fear and distress, and has resulted in the local Sheriff's department being called to her residence frequently, often several times a day, to chase away the men who have been enticed by these personal ads to travel, even across state lines, to visit L.M. for these falsely advertised sexual encounters. L.M. told LOC/OIG agents that she has not placed any of these personal ads, and in fact spends a good portion of her time searching Craigslist and "flagging" these ads as inappropriate. She reports that she has had to call the police repeatedly regarding people showing up to her house for sex.

19. The LOC's facility in Culpeper, Virginia, is located on parcels described in 2 U.S.C. § 167j(d). The facility is within the special maritime and territorial jurisdiction of the United States pursuant to 18 U.S.C. § 7(3) in that it is "reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof."

20. I respectfully submit that the forgoing facts constitute probable cause exists to show that on and after January 31, 2013, Kenneth Edward Kuban was within the special maritime and territorial jurisdiction, the LOC facility in Culpeper, Virginia, within the intent to engage in conduct that violates the portion of a protection order that prohibits or provides protection against contact with L.M. in violation of 18 U.S.C. § 2262(a)(1).

Mag 3:13uj00014

I hereby swear under oath that the information set forth in this Affidavit is true and correct to the best of my knowledge, information, and believe, and that I make this oath under pains and penalties of perjury.

Dated at Charlottesville, Virginia this **21** day of March, 2013.

Hugh Coughlin
Special Agent
Library of Congress OIG

Sworn to and subscribed before me on this **21** day of March, 2013.

Honorable B. Waugh Crigler
United States Magistrate Judge
Western District of Virginia

9

3:13mj00014 Rec'd w/Comm
compl.
3-21-13 BUC USMA

# RECOGNIZANCE AND BOND TO KEEP THE PEACE

Va. Code §§ 15.2-1746, 19.2-21, 19.2-258

FAUQUIER GENERAL DISTRICT COURT - CRIMINAL
[x] General District Court
[ ] Juvenile and Domestic Relations District Court

Hearing Date: 12/26/2012     Case No. GC11001647-01

I, the Accused, hereby acknowledge the finding of a judge of this Court that good cause has been shown to require that I enter into a recognizance to keep the peace due to one or more of the reasons set forth in Va. Code § 19.2-19. I hereby give my promise to fulfill faithfully the following conditions:

1. To keep the peace and be of good behavior until

   DECEMBER 26, 2013

2. NO DIRECTLY OR INDIRECTLY CONTACT WITH LORETTA MARTIN
   NO EXCEPTIONS

---

12/26/2012
DATE

X [signature]
ACCUSED

RECOGNIZANCE AND BOND TO KEEP THE PEACE

ACCUSED: KUBAN, KENNETH EDWARD
  LAST NAME, FIRST NAME, MIDDLE INITIAL
93 OAK RIDGE LN
REVA, VA 22735        TEL NO. ..............

| DATE RECEIVED | DATE DISBURSED/DISCHARGED |
|---|---|
| BOND AMOUNT | RECEIPT NO (IF CASH DEPOSIT) |

FAUQUIER COUNTY GENERAL DISTRICT COURT
I, the undersigned clerk or deputy clerk of the above named court, authenticate pursuant to VA Code 8.01-391(C) on this date that the document to which this authentication is affixed is a true copy of a record in the above-named court, made in the performance of my official duties.
Date 2-7-13
[signature] CLERK/DEPUTY CLERK BY

WARNING: Failure to fulfill the terms and conditions above or any violation thereof may result in forfeiture of the bond on the lower portion of this document.

## BOND

The Accused, and Surety(ies) (if any), each hereby acknowledges himself, his heirs and assigns indebted to the Locality named above in the sum of $ 2,500.00

[x] UNSECURED  [ ] cash      [ ] corporate surety     [ ] professional bondsman
[ ] SECURED by: [ ] other solvent surety(ies) having real or personal property

(and if secured by other solvent surety(ies) having real or personal property, the undersigned, having demonstrated to the officer taking this bond the nature of their interest in the property, also make oath that the equity of the undersigned in the property equals or exceeds the amount of this bond).
The additional terms printed on the back side of this document are incorporated herein by reference.

_____ (SEAL)     X [signature] (SEAL)
SURETY                                ACCUSED

_____ (SEAL)     X [signature] (SEAL)
SURETY                                ACCUSED

_____ (SEAL)     _____ (SEAL)
SURETY                                ACCUSED

## RELEASE

The promise to fulfill the conditions of recognizance and the bond were subscribed and sworn to before me this day after I explained the conditions and warnings to the Accused and, if any, custodian and surety. The accused is ordered released pursuant to the terms within.

12/26/12  [signature] [ ] CLERK [ ] JUDGE  9:35 AM
DATE AND TIME

Surety: Name(s), address(es), and if corporate surety, name(s) of authorized agent(s).

FORM DC-364 (MASTER, PAGE ONE OF TWO) 07/11

The Accused, and Surety(ies) (if any), each waives all benefit of homestead exemptions as to this debt and further covenants jointly and severally that none of them shall permit or cause title to or possession of the property pledged to secure this bond to be transferred in any manner to any degree or encumbered to the extent of this obligation. The terms of the conditions of Release and Recognizance are hereby incorporated by reference. If the Accused shall faithfully fulfill the conditions of release and recognizance given above, this debt is to be void; otherwise this debt is to remain in full force and effect until declared void by a court of competent jurisdiction.

Cash Bonds (bonds secured with cash).

1. If the Accused secures this bond with cash and the Accused otherwise meets the conditions of bail and the Accused is convicted, then the Accused consents to having fines and costs deducted from the cash posted to secure this bond. This consent does not apply to cash posted by a surety to secure this bond.

2. If the Accused fails to appear at any time or place or before any court or judge to which this case may be scheduled, rescheduled, continued, transferred, certified or appealed, the Accused waives any right to notice of any proceeding to forfeit this bond for such failure to appear, and the Accused agrees that any notice of a proceeding to forfeit a bond for failure to appear given to the Accused by this court shall not renew a right to such notice.

3. The Code of Virginia requires that when any Accused who posted a cash bond and failed to appear is tried in his absence and is convicted, the court or judge trying the case shall first apply the cash bond, or so much thereof as may be necessary, to the payment of any fines or costs, or both, adjudged against the defendant or juvenile or imposed by law. Any remaining funds shall be forfeited without further notice. However, if a rehearing is granted, the court may remit part or all of such cash bond not applied ultimately to fines or costs, and order a refund of the same by the State Treasurer, but only if good cause is shown. If the Accused posted a cash bond and failed to appear, but is not tried in his absence, the bond shall be forfeited promptly without further notice. However, if the Accused appears in court within sixty days after the bond is forfeited, the judge may remit part or all of any bond previously forfeited and order a refund of the same by the State Treasurer.